Birchard, J.
The record shows that, after the court of common pleas overruled the demurrer to the second and fourth counts, the defendants plead issuably to the action, and.went to trial. This, according to the course of decision in this court, was a waiver of the demurrer, and disposed of the firpt cause assigned for error. The provisions of the recent statute, do not apply to cases tried in the court of common pleas prior to its taking effect. The act was not intended to, and can not have any retrospective operation.
The second assignment can not be maintained. It is no objection to a particular item of evidence, that, unsustained by other proof, it is insufficient to entitle a party to recover. If it has a tendency to support the issue, it is admissible, and should not be ruled out. The question of its sufficiency, taken in connection with all the proof in evidence to the jury, will ^remain open, to be tested on demurrer to the whole evidence on trial, by the court, or by a verdict of jury, under instructions of the court.
The third assignment presents two inquiries:
1. Did the court err in refusing to instruct the jury as requested ?
2. In giving the instruction stated in the bill of exceptions?
We will consider these in their order.
On a careful examination, the record will not be found to disclose any fact showing that the plaintiff could have been benefited by the instructions requested, if the court had complied and given them in charge, in the words proposed by counsel, or that ho has been at all prejudiced by the refusal of which he complains. For aught that appears, the thirteen propositions were entirely out of the case, and may be considered abstract propositions. The bill of exceptions docs not profess to contain all the evidenco that was submitted to the jury. It contains nothing making the instruction requested applicable to the issuo, but what appears on the face of the bills of exchange. They both purport to have boon made by the Washington Bank, at Miamisburg — an illegal association, doing business as a banking institution — in violation of the acts of 1815 and 1816. It may be admitted that the paper was *481 sufficient to show this; but it by no means follows that tho court erred in refusing to give the instructions. The prohibitions of those statutes are against paper designed and intended to be put in circulation as money. It does not affect suits brought upon the promissory notes, bills of exchange, and other contracts executed and entered into by tho illegal association. Porter v. Pumroy et al., decided this term.
So far from making void such instruments, section 11 of the act of 1816 (Swan’s Stat. 137) imparts to them a peculiar vitality, by making all persons interested in the illegal association liable, jointly and severally, in their individual capacity, for their payment.
*And section 13 entitles the holder to recover without proof of presentment and demand of payment, at tho place where made payable.
Tho charge of the court, by implication, admits tho correctness of tho principle contained in the thirteen propositions of the plaintiff, as general propositions, and denies their application to this ease.
. As before stated, if the court were right in this, it could not help the plaintiff’s case; and if wrong, it could not have prejudiced it.
It remains to be considered whether the proof given was sufficient to justify the verdict.
The protest and proof of notice are said to have been insufficient. Admitting that the merit of the case depended entirely upon this proof, it may well be doubtocf whether there was sufficient evidence of demand and notice. Tho bill, it is true, is a foreign bill, and the more recent doctrine is, that tho notarial certificate of a foreign notary, when introduced, is evidence of tho facts stated in it. Yet, as will be seen by the cases referred to in argument, the authorities upon the point are conflicting; and I have been unable to find in the decisions of the United States court, whose decision I would regard as conclusive upon tho question, any case in which the certificate of the notary has been held sufficient, when it did not contain a statement of the facts showing tho manner and time of giving tho notice. Without, however, determining the question'whether the proof of demand and notice, according to the usages and customs of merchants, was sufficient, we are of opinion the case may be disposed of, because the evidence just’fied the instructions which were given.
All banking institutions of this state are creatures of the law. *482, 483 By statute, their charters are general laws, of which the courts are bound to take notice. It follows that they were bound to take notice that the Washington Bank was an unauthorized institution, and that a demand at the place where payable, was not necessary to entitle the holder to recover the amount of *these bills of exchange. Watson was the payee and first indorser. He also was bound to know that no demand was .required, and that be needed neither demand nor notice to enable him, if a bona fide holder, to collect them of the association. He had no right to expect the bills would be paid if presented, and therefore no right to claim exemption from liability for want of demand and notice.
Upon the examination of the whole record, we think there was no error in the instructions given, and none in the refusal com- . plained of. Judgment affirmed.